# CHRISTOPHER J. TYRPAK
## Attorney At Law

**WALDEN COMMONS**
**2560 WALDEN AVENUE, SUITE 112**
**CHEEKTOWAGA, NY 14225**
**716.288.9175 (P)  716.288.9287 (F)**

December 20, 2021

Hon. Carl L. Bucki
U.S. Bankruptcy Court, WDNY
2 Niagara Square
Buffalo, NY 14202

    RE:    IN RE GARBO
              Chapter 7 – 21-11053

Dear Judge Bucki:

This letter is submitted pursuant to the Court's request for a written statement of the Debtor's position in support of her motion for lien avoidance in light of limitations to such relief as discussed in cases such as *In re LaBorde* (231 B.R. 162).

The relevant dates in this case are as follows:
October 23, 1997 – Debtor takes title to 99 Ilion Street, Tonawanda jointly with Joseph Garbo
December 31, 2018- Stipulation of Settlement is filed in Debtor's divorce from
              Joseph Garbo[1] (Portion of Stipulation attached)
December 20, 2019- Judgment is entered in favor of Discover Bank against Joseph Garbo
May 20, 2021- Deed recorded regarding 99 Ilion Street, Tonawanda from Joseph Garbo to
              Debtor

11 U.S.C. 522(f) allows a debtor to avoid the fixing of a lien on an interest of the debtor in property. The plain language of the statute does not specify the type or exclusiveness of said interest. The Debtor's position is that the December 31, 2018 Settlement gave the Debtor an interest in the entirety of the property sufficient to avoid the judgment lien filed in May 2021.

In the *LaBorde* case, one of the ex-spouse's judgments was entered prior the Debtor's divorce. In this case, the only judgment was entered after the date that the matrimonial Settlement confirmed the Debtor's interest in the entire property.

---

[1] Settlement reads, in part: "the Wife shall continue to be the sole owner of the Marital Residence, and shall have exclusive use, ownership, possession, and occupancy of same without claim from the Husband..."

Please advise if any further submissions are requested in this matter.

Respectfully yours,

Christopher J. Tyrpak

Enc.

**2. The Marital Residence.** The parties are the owners of the Marital Residence known as 99 Ilion Street, Tonawanda, NY 14150 (hereinafter referred to as the "Marital Residence"). The property is secured by a mortgage in the Wife's name only, and the property is deeded to the Husband and Wife.

The parties agree that the Wife shall continue to be the sole owner of the Marital Residence, and shall have exclusive use, ownership, possession, and occupancy of same without claim from the Husband. The parties agree and acknowledge that the Wife has previously refinanced the mortgage on the residence in the Fall of 2017 prior to commencement of this action. As such, the Wife shall be solely responsible for the mortgage and taxes on the current mortgage and shall hold Husband harmless for same. The Husband shall immediately execute a Quitclaim Deed and all other documents necessary to transfer full interest and ownership in the Marital Residence to the Wife should any remain.

The Husband shall vacate the Marital Residence within fourteen (14) days of full execution of this Stipulation.

The Husband waives any and all rights and claims to the Marital Residence, including but not limited to all equity in the residence, which shall be the sole property of the Wife.