| | |
|---|---|
| In re: | Case No. 21-11053-CLB |
| Kim M. Garbo | Chapter 7 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0209-1 | User: admin | Page 1 of 1 |
| Date Rcvd: Jan 24, 2022 | Form ID: pdforder | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 26, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Kim M. Garbo, 99 Ilion Street, Tonawanda, NY 14150-5419 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 26, 2022      Signature:      /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 24, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Christopher J Tyrpak | on behalf of Debtor Kim M. Garbo cjtyrpak@gmail.com |
| Joseph G Frazier | trustee@joefrazierlaw.com jfrazier@ecf.axosfs.com |
| Joseph G. Frazier | on behalf of Trustee Joseph G Frazier jfrazierlaw@aol.com |
| Joseph W. Allen, 11 | USTPRegion02.bu.ecf@usdoj.gov Joseph.W.Allen@usdoj.gov |

TOTAL: 4

---------------------------------------------------------

In re

    KIM M. GARBO                                        BK 21-11053 CLB

                    Debtor.                          <u>DECISION & ORDER</u>

---------------------------------------------------------

Christopher J. Tyrpak, Esq.
2560 Walden Ave. Ste. 112
Cheektowaga, New York 14225
Attorney for Debtor

Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

The issue before this Court is whether 11 U.S.C. § 522(h) allows a debtor to avoid a judgment lien that is not otherwise avoidable under 11 U.S.C. § 522(f).

On October 23, 1997, Kim Garbo and her now ex-husband, Joseph Garbo, purchased a residence at 99 Ilion Street in the Town of Tonawanda, New York. Their marriage ended, however, pursuant to a Stipulation of Settlement filed in a divorce proceeding on December 31, 2018. In that stipulation, Kim and Joseph agreed "that the Wife shall continue to be the sole owner of the Marital Residence, and shall have exclusive use, ownership, possession, and occupancy of same without claim from the Husband." Additionally, Joseph Garbo agreed that he would "immediately execute a Quitclaim Deed and all other documents necessary to transfer full interest and ownership in the Marital Residence to the Wife should any remain."

Notwithstanding the directive in the divorce stipulation, Joseph Garbo procrastinated in executing a quitclaim deed to his former wife. Meanwhile, on

December 20, 2019, Discover Bank secured a judgment against Joseph in the amount of $3,310.63. The lien of this judgment was then duly perfected on January 23, 2020. A quitclaim deed from Joseph Garbo to Kim Garbo was finally recorded on May 20, 2021. On October 13, 2021, Kim Garbo filed a petition for relief under Chapter 7 of the Bankruptcy Code.

Kim Garbo has now moved to avoid the judgment of Discover Bank as a lien against her homestead. Although Discover Bank did not appear in opposition, the Court will grant such motions only upon a showing of an entitlement to the requested relief. In her moving papers, the debtor asserts that she continues to reside at 99 Ilion Street; that this property has a fair market value of $170,000; and that it is encumbered by an unavoidable mortgage that secures an outstanding obligation of $90,640. As allowed under 11 U.S.C. § 522(b), Kim Garbo elected to claim the exemptions permitted by New York law. Accordingly, she is granted a homestead exemption in the amount of $89,975. *See* N.Y. DEBT. & CRED. LAW § 282 (McKinney 2012), N.Y. C.P.L.R. 5206 and 5253 (McKinney 2014). Therefore, if we accept the debtor's valuations, the claimed exemption exceeds the exempt equity of her homestead.

Section 522(f)(1) of the Bankruptcy Code states in relevant part that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is – (A) a judicial lien . . . ." In contrast to 11 U.S.C. § 522(h), section 522(f)(1) speaks not to the avoidance of liens, but to the avoidance of "the fixing" of liens. The Supreme Court has held that "unless the debtor had the property interest to which the lien attached at some point

*before* the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1)." *Farrey v. Sanderfoot*, 500 U.S. 291, 296, 111 S.Ct. 1825, 1829 (1991)(emphasis in original). Under New York law, "a judgment lien attaches at the moment of the debtor's post judgment acquisition of real property." *In re Scarpino*, 113 F.3d 338, 341 (2d Cir. 1997).

In the present instance, Discover Bank obtained a judgment against Joseph Garbo only. The resulting lien therefore attached to the property interest of the husband but not to the then existing property interest of Kim Garbo. Thereafter, upon recording of the quitclaim deed, Kim perfected her acquisition of an interest that was already subject to the lien of Discover Bank. Consequently, section 522(f)(1) does not provide grounds for avoidance. *In re LaBorde*, 231 B.R. 162 (Bankr. W.D.N.Y. 1999).

In her motion, the Debtor "prays for an order avoiding the judicial lien of Discover Bank as against the above-mentioned property pursuant to 11 U.S.C. § 522(f) and for such additional *or alternative* relief as may be just and proper" (emphasis added). Even though Kim Garbo may not avoid the fixing of the lien of Discover Bank pursuant to section 522(f), the request in the debtor's motion is sufficiently broad to allow us to consider the possibility of alternative relief in the form of lien avoidance under 11 U.S.C. § 522(h).

Section 522(h) of the Bankruptcy Code provides as follows:

> "The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if – (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section

> 553 of this title; and (2) the trustee does not attempt to avoid such transfer."

Upon entry of a judgment of divorce in or about December of 2018, Kim Garbo became the equitable owner of her ex-husband's half interest in their marital residence. However, until the recording of the quitclaim deed in May of 2021, Joseph retained legal title in that half-interest. During the interval between the divorce and deed recording, Discover Bank perfected its judgment lien. As a lien on Joseph's legal interest, the judgment also encumbered the property that Kim acquired upon recording of the quitclaim deed. Consequently, the lien imposed a transfer of an interest in the debtor's equitable right to Joseph's half interest.

Pursuant to 11 U.S.C. § 522(h), the debtor may avoid certain transfers of property "to the extent that the debtor could have exempted such property" under 11 U.S.C. § 522(g)(1) if a trustee had avoided the transfer. Subdivision (g)(1) allows a debtor to claim authorized exemptions with regard to transferred property that the trustee recovers under 11 U.S.C. § 550, but only if the transfer was not voluntary and the debtor did not conceal such property. In the present instance, the taking of a judgment lien was an involuntary transfer of a portion of the debtor's rights to property in which her ex-husband still held legal title. Meanwhile, in schedules filed with her bankruptcy petition, the debtor fully disclosed an interest in the real property. Consequently, Kim Garbo may exempt encumbered property under section 522(g)(1) to the extent that the trustee could have recovered that property under section 550. Pursuant to section 550(a), the trustee may recover transferred property "to the extent that a transfer is avoided" under any of the same sections of the Bankruptcy Code that provide a basis for lien avoidance under 11 U.S.C. § 522(h).

By way of example only, section 522(g)(1) allows a debtor to exempt property that was the subject of a transfer avoided under section 548. When the trustee chooses not to exercise his power under section 548, section 522(h) allows a debtor to avoid such transfer to the extent that it encumbers an exemptible property interest. In the present instance, Kim Garbo has duly claimed an uncontested exemption for her homestead at 99 Ilion Street. If the trustee could have avoided the judgment of Discover Bank pursuant to 11 U.S.C. § 548, then 11 U.S.C. § 522(h) allows the debtor to avoid that same lien.

Section 548 of the Bankruptcy Code empowers a trustee to avoid fraudulent transfers. In relevant part, subdivision (a)(1) of this statute states:

> "The trustee may avoid any transfer . . . of an interest of the debtor in property . . . that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily . . . received less than a reasonably equivalent value in exchange for such transfer or obligation; and . . . was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation."

Here, Discover Bank perfected its judgment less than two years prior to the filing of the debtor's bankruptcy petition. Notwithstanding whatever benefit may have inured to her ex-husband, Kim Garbo herself received no value in exchange for the resulting encumbrance on her interest in the real property. Thus, the trustee could have avoided the judgment if only Kim Garbo was insolvent on the date of transfer. The papers submitted in support of the debtor's avoidance motion do not speak to this

issue. Proof of insolvency is a missing element that would establish an entitlement to lien avoidance under 11 U.S.C. § 522(h).[1]

Although it received proper notice of the debtor's motion, Discover Bank does not oppose the request for lien avoidance. Under this circumstance, the Court will allow the debtor to make a supplemental submission that addresses the conditions for application of section 548 or the requirements of sections 544, 545, 547, 549, 724(a) or 553 of the Bankruptcy Code. Ordinarily, Bankruptcy Rule 7001 contemplates the commencement of an adversary proceeding to determine the validity of a lien. "Where a party has proceeded by motion and the record has been adequately developed, however, courts have reached the merits of the dispute despite the procedural irregularity." *In re Braniff Intern. Airlines, Inc.*, 164 B.R. 820, 831 (Bankr. E.D.N.Y. 1994). As in the case of *In re Wlodarski*, 115 B.R. 53, 56 (Bankr. S.D.N.Y. 1990), "since there has been no objection to the form of the proceeding, the interests of justice will be more readily served by the expeditious resolution of the matter without further delay."

For the reasons stated herein, the debtor's motion for lien avoidance is denied at this time, but with leave to submit supplemental proof regarding avoidance under 11 U.S.C. § 522(h).

So ordered.

Dated: January 24, 2022  
Buffalo, New York

Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

---

[1] The debtor's bankruptcy schedules indicate that on the day of bankruptcy filing, the debtor may have been solvent by reason of the exempt equity in her homestead. However, the debtor's financial situation on the day of filing may not necessarily reflect conditions more than twenty months earlier, when the judgment creditor perfected its lien.

FILED JAN 2 4 2022 BANKRUPTCY COURT