# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NEW YORK

Robert H. Jackson U.S. Courthouse
2 Niagara Square
Buffalo, NY 14202
www.nywb.uscourts.gov

---

In re: Kim M. Garbo

Case No.: 21-11053 CLB
Chapter: 7
SSN/Tax ID: xxx-xx-9253

Debtor(s)

---

**NOTICE OF TRUSTEE'S SUMMARY OF FINAL REPORT AND ACCOUNT, HEARING ON APPLICATIONS FOR COMPENSATION AND HEARING ON SUBSTANTIVE CONSOLIDATION (if applicable)**

TO THE DEBTOR(s), CREDITORS AND PARTIES IN INTEREST:

The United States Trustee Form 101-7-NFR: The Notice of Trustee's Final Report and Applications for Compensation is attached. Notice is hereby given that there will be a hearing regarding the Trustee's report held before the Honorable Carl L. Bucki, United States Bankruptcy Judge on:

**DATE/TIME/LOCATION OF HEARING**

**August 8, 2022 at 10:00 AM**

**Robert H. Jackson United States Courthouse**
**2 Niagara Square**
**5th Floor - Orleans Courtroom**
**Buffalo, NY 14202**

for the purpose (as appropriate) of examining and passing on the attached report(s) and account(s), acting on applications for compensation, and to transact such other business as may properly come before said hearing.

You are invited but not required to attend this hearing and be heard on this proposal. Creditors may be heard before the Court makes its decisions on these applications. The Court will also entertain any opposition creditors may have to the trustee's summary of the final report and account and the matter concerning substantive consolidation (if applicable).

☐ (If box is checked): The trustee moves for substantive consolidation. When estates are consolidated, the assets of the debtor and and the assets of the joint debtor are treated as one pool of assets, to be shared in by all creditors even if a creditor is owed money only by the only one of the debtors. Therefore, you may be affected positively or negatively. An overall advantage of consolidation is that it avoids disputes over the actual ownership of marital assets; the costs of such disputes could reduce the amounts available to all creditors.

☒ (If box is checked:) The debtor(s) has been discharged.

Dated: July 11, 2022

Lisa Bertino Beaser
Clerk of Court

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

In Re: §
§
Kim M. Garbo § Case No. 21-11053
§
Debtor §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that JOSEPH G. FRAZIER, TR, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

Clerk, U.S. Bankruptcy Court
Western District of New York
Robert H. Jackson US Courthouse
2 Niagara Square
Buffalo, NY 14202

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within days from the mailing of this notice, together with a request for a hearing and serve a copy of both upon the trustee, any party whose application is being challenged and the United States Trustee. If no objections are filed, the Court will act on the fee applications and the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 05/24/2022           By: /s/ Joseph G. Frazier
                                         Trustee

*Joseph G. Frazier, TR*
*280 East Ave*
*Lockport, NY 14094*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

In Re: §
§
Kim M. Garbo § Case No. 21-11053
§
Debtor §

SUMMARY OF TRUSTEE'S FINAL REPORT
AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---|
| The Final Report shows receipts of | $ | 3,902.33 |
| and approved disbursements of | $ | 0.00 |
| leaving a balance on hand of[1] | $ | 3,902.33 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph G. Frazier | $ 975.58 | $ 0.00 | $ 975.58 |
| Trustee Expenses: Joseph G. Frazier | $ 2.16 | $ 0.00 | $ 2.16 |
| Attorney for Trustee Fees: Joseph G Frazier | $ 175.00 | $ 0.00 | $ 175.00 |
| Total to be paid for chapter 7 administrative expenses | | $ | 1,152.74 |
| Remaining Balance | | $ | 2,749.59 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $22,615.44 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 12.2 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | Department Stores National Bank | $ 511.00 | $ 0.00 | $ 62.13 |
| 3 | Kohl"s | $ 1,438.16 | $ 0.00 | $ 174.85 |
| 4 | Citibank, N.A. | $ 4,854.05 | $ 0.00 | $ 590.16 |
| 5 | Portfolio Recovery Associates, Llc | $ 5,724.24 | $ 0.00 | $ 695.95 |
| 6 | Portfolio Recovery Associates, Llc | $ 10,087.99 | $ 0.00 | $ 1,226.50 |
| | Total to be paid to timely general unsecured creditors | | $ | 2,749.59 |
| | Remaining Balance | | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/ Joseph G. Frazier
Trustee

*Joseph G. Frazier, TR*
*280 East Ave*
*Lockport, NY 14094*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.